## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THOMAS HUNDLEY,** | **Civil Case Number:** 5:23-CV-1644 (GTS/ML) |
| **Plaintiff,** | **CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |
| **-against-** | |
| **XTREME AUTO RECOVERY, INC.,** | |
| **Defendant.** | |

Plaintiff THOMAS HUNDLEY (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant XTREME AUTO RECOVERY, INC. (hereinafter "Defendant").

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendant illegally repossessed his vehicle even though they did not have an enforceable security interest in his vehicle, thereby violating the NY UCC.  Plaintiff also brings a claim against the for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, punitive damages and actual damages, as well as attorneys fees and costs.

## PARTIES

5.  Plaintiff is a natural person and a resident of Auburn, New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6.  Defendant XTREME AUTO RECOVERY, INC., (hereinafter referred to as "Xtreme"), is a repossession company, with its principal place of business in Constantia, New York.

7.  Upon information and belief, Defendant Xtreme is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8.  In fact, Xtreme's website proudly boasts that "Xtreme Auto Recovery Inc. is a professional repossession agency providing complete recovery services to banks, credit unions, car dealers, auctions, finance companies and law firms. We repossess all types of assets which includes just about anything that can be moved, transported, stored, and auctioned. Xtreme Auto Recovery Inc. covers the Upstate New York area, and specializes in repossessions on the Fort Drum military base."[1]

9.  Defendant Xtreme is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

11. The Plaintiff owns a 2010 Chevy Malibu, which he owned for years.

12. The Plaintiff does not have any loans encumbering the title of this vehicle.

13. While owned by the Plaintiff, the vehicle has always had a clean title and no liens recorded

---

[1] http://www.xtremeautorecovery.com/, last visited on December 25, 2023.

against the title.

14. Plaintiff has never been aware of any liens or financing secured by the vehicle.

15. Upon information and belief, however, and unbeknownst to Plaintiff, Hertz supposedly claims that it has a security interest in the Chevy Malibu.

16. As a result, Hertz apparently contracted with Xtreme to repossess the Plaintiff's vehicle.

17. Upon information and belief, after being contracted by Hertz to repossess the Plaintiff's vehicle, Xtreme proceeded to carry out the actual repossession.

18. On September 6, 2023, the Plaintiff discovered that his vehicle was gone.

19. Believing the vehicle to be stolen, the Plaintiff called the police to report the vehicle as stolen.

20. The police advised that the car had been repossessed by the Defendant, on behalf of Hertz.

21. However, Hertz denies that it ever owned the vehicle or that it ever ordered this repossession.

22. Plaintiff then called Xtreme and advised them that they should not have taken his vehicle.

23. Nevertheless, Xtreme would not let the Plaintiff pick up his vehicle or the possessions inside of it.

24. Plaintiff then threatened a suit against Xtreme and Xtreme then brought back the vehicle the next day, on September 7, 2023.

25. However, when the vehicle was returned, the vehicle had sustained damages.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

26. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

27. Plaintiff brings this Count against Defendant Xtreme.

28. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

29. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

> (C) the property is exempt by law from such dispossession or disablement.

30. At the time of the repossession, the Defendant did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the vehicle.

31. Furthermore, because the Defendant did not have an enforceable security interest in the vehicle, the vehicle was clearly exempt by law from dispossession.

32. As a result, Defendant Xtreme violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle.

33. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

34. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time

and effort in having to regain possession of the vehicle, by depriving him of his possessions, by forcing him to spend money to repair his vehicle, and by causing the Plaintiff to lose wages.

35. By reason thereof, Defendant Xtreme are liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### NY UCC, § 9-609 *et seq.*

36. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

37. New York only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. N.Y. U.C.C. Law § 9-609.

38. At the time of the repossession, the Defendant did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the vehicle.

39. As a direct and proximate result of the Defendant's illegal repossession, Plaintiff suffered damages, including the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

40. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's

inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

41. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time and effort in having to regain possession of the vehicle, by depriving him of his possessions, by forcing him to spend money to repair his vehicle, and by causing the Plaintiff to lose wages.

## COUNT III

## CONVERSION

42. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. As set forth above, the Defendant wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the vehicle and Plaintiff was instead entitled to the present use of his own vehicle.

44. The Defendant then held Plaintiff's vehicle for a period of time, thereby exercising control over the Plaintiff's property.

45. Defendant's conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding his vehicle and by damaging that vehicle.  Defendant further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, in causing Plaintiff to waste countless hours in trying to recover his vehicle, and by subjecting him to unfair and unconscionable means to collect a debt.

46.  Defendant's illegal activity also harmed the Plaintiff by causing him to suffer monetary damages, lost wages, anger, anxiety, emotional distress, frustration and embarrassment.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) awarding Plaintiff his actual damages incurred, as well as punitive damages;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem  just and proper.

Dated: December 27, 2023                    /s/ Yitzchak Zelman
                                            Yitzchak Zelman, Esq.
                                            MARCUS & ZELMAN, LLC
                                            701 Cookman Avenue, Suite 300
                                            Asbury Park, New Jersey 07712
                                            (732) 695-3282 telephone
                                            (732) 298-6256 facsimile
                                            *Attorney for Plaintiff*